UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CRIMINAL ACTION NO. 4:05CR-19M

**UNITED STATES OF AMERICA**                               **PLAINTIFF**

**v.**

**ROBERT F. QUINN, JR.**                                         **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Robert F. Quinn Jr. ("Quinn"), requesting a jury trial on Count 15 of the indictment against him, which seeks forfeiture of his residence. [DN 36] Having been fully briefed, this matter is ripe for decision. For the reasons set forth below, the Defendant's motion is **denied.**

## FACTS

On May 18, 2005, Quinn was indicted on fourteen substantive criminal counts relating to child pornography and one forfeiture count under the Child Protection Act. Quinn pled guilty to the substantive counts on December 6, 2005, however, he did not enter a plea to Count 15, which is the forfeiture count. He seeks a trial by jury on the forfeiture count.

## DISCUSSION

Quinn is entitled to have the forfeiture count determined in a trial proceeding. Criminal Rule 32.2 (b)(1) provides that as soon as practicable after a verdict or finding of guilt, the court must determine what property is subject to forfeiture, if any. If the forfeiture is contested, the court must determine from evidence presented at a hearing whether a nexus

exists between the property and the offense. The only question presented herein is whether Quinn is entitled to have a jury make this determination.

Quinn makes two arguments. First, he claims he has a Sixth Amendment right to a trial by jury. Secondly, he claims that 18 U.S.C. § 2253(e) and Criminal Rule 32.2(4) require a jury determination.

Quinn's constitutional argument fails in light of Libretti v. United States, 516 U.S. 29 (1995). The Supreme Court declared "that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection." In Libretti, the Supreme Court reasoned that forfeiture was a "criminal sanction" and thus, a part of sentencing. "Our cases have made abundantly clear that a defendant does not enjoy a constitutional right to a jury determination as to the appropriate sentence to be imposed." Id. at 49. Numerous courts have held that Libretti remains good law despite Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). See United States v. Leahy, 438 F.3d.328 (3rd Cir. 2006) (en banc); United States v. Fruchter, 411 F.3d 377 (2nd Cir. 2005); United States v. Tedder, 403 F.3d 836 (7th Cir. 2005). Therefore, this Court holds that Quinn does not have a constitutional right to a trial by jury on his forfeiture count.

Having no constitutional right, any right to a jury trial on his forfeiture count must have a statutory basis. Quinn points to 18 U.S.C. § 2253(e), which provides,

> The Court shall order forfeiture of property referred to in subsection (a) if the trier of fact determines, beyond a reasonable doubt, that such property is subject to forfeiture.

2

Furthermore, Quinn cites to Criminal Rule 32.2(b)(4) which states,

> Upon a party's request in a case in which a jury returns a verdict of guilty, the jury must determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

The Supreme Court in Libretti noted that the fact that rules "attach heightened procedural protections to imposition of criminal forfeiture as punishment for certain types of criminal conduct cannot alter the simple fact that forfeiture is precisely that: punishment." Id. at 41. The fact that 18 U.S.C. § 2253(e) requires proof beyond a reasonable doubt is simply a heightened procedural protection. It does not require that the trier of fact be a jury. In fact, according to Rule 32.2(b)(4), a jury is required to determine forfeiture only when a jury has determined the guilt of the Defendant on the underlying substantive offense. In this case, Quinn entered a voluntary plea to the substantive offenses. There was no jury, thus, Rule 32.2(b)(4) does not require a jury to determine the issue of forfeiture.

## CONCLUSION

The Court concludes that under the circumstance of this case, Quinn is not entitled to a jury trial on the forfeiture count. For this reason, **IT IS HEREBY ORDERED** that the motion by Defendant, Robert F. Quinn Jr., for a jury trial on forfeiture of his property [DN 36] is **denied.**

Copies to: Counsel of record

U:\documents\Quinn5cr19.wpd